## NEW-YORK COMMON PLEAS.

CONDERT, respondent, agt. LIAS, appellant.

On moving to dismiss an appeal from a justice's judgment, because the return has not been filed, the moving party has only to show the proper service upon the opposite party of the *notice*, of ten days, required by the rule. That is, he need not show *affirmatively* that the return has not been filed, as required by § 160 of the Code, (within thirty days.)

*General Term, May*, 1855.
INGRAHAM and DALY, Judges.

THIS was an appeal from a judgment of the district court of the city of New-York for the second district.

The respondent moved to dismiss the appeal, and read a notice of motion to the effect that the appellant was required to procure the return to be filed on or before the fourth Wednesday of May, 1855, or the respondent would, on that day, move the court, at the general term, for an order dismissing the appeal.

I. T. WILLIAMS, *for the appellant*,

Objected, that the notice did not comply with the rule, which provides that the notice shall require the return to be filed within ten days thereafter.

INGRAHAM, First Judge. When was the notice served?

CONDERT, *in person*,

On the 16th day of May, twelve days ago.

INGRAHAM. That is a compliance with the rule.

WILLIAMS then objected, that there was no evidence that the time prescribed in § 160 of the Code had expired.

INGRAHAM. That must be shown in opposition to the motion. The rule is express on that subject: it only requires the notice; and it has been the uniform practice of this court to require nothing more. The motion must be granted, unless the appellant procure the return to be made so as to bring it to hearing at the next term, and pay the costs of this motion.

WILLIAMS. If this has been the practice of this court, I submit, with great deference, that it is not what the bar have a right to understand the practice to be from the reading of the rule. The section of the Code referred to in this rule, gives the justice thirty days to make and file his return. The rule then provides, that if the justice do not file his return within this period, the respondent may move to dismiss the appeal. A party moving should show himself in a position to move: he asks affirmative relief, and should show affirmatively his right to such relief. If the court could, in such a case, indulge in any presumption, it would be in favor of an officer, especially a judicial officer. The court will presume that an officer has done his duty until the contrary appears.

It is not pretended here that there is any evidence whatever before the court that the thirty days have expired. If this be a case where the court will require us to show that we are not in fault, in order that we may not be mulcted in costs, then there should be some good reason for making this case an exception to a rule as ancient and as universal as any known rule of law. There is not a circumstance within the knowledge of this court, that shows, or tends to show, that the notice of appeal in this action was served more than twelve days ago. And if the court have a rule which compels them to grant this

motion, as already intimated by his honor, the first judge, that rule requires immediate revision. It is, however, submitted, with great confidence, that such is not the fair construction of the rule; but, on the contrary, the rule itself requires that it should be shown that the time prescribed by the Code had expired.

DALY, J. (After consulting with the first judge.) We don't see how we can change the ruling in this case. Let the order be entered as indicated by the first judge.